IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATHAN SANCHEZ, *et al.*,

      Plaintiffs,

v.                                                                 No.  14-CV-926 MV/GBW

RODOLFO CANO-MARQUEZ, *et al.*,

      Defendants,

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      This matter comes before me on Plaintiffs' Motion to Remand to State Court and for an Award of Attorneys' Fees and Costs.  *Doc. 9.*  Having reviewed the motion, the attendant briefing, *docs. 14, 15*, and the relevant law, I recommend that the Court DENY Plaintiffs' motion.

**I.  BACKGROUND**

      This case arises from a motor vehicle accident that occurred on October 9, 2013, on Highway 47 in Belen, New Mexico.  *Doc. 1*, Ex. A at 4, 7; Ex. D ¶ 9.  Plaintiff Thomas Kuehne was driving with his stepson, Plaintiff Nathan Sanchez, when they collided head-on with Defendant Cano-Marquez's vehicle, which was traveling northbound in the southbound lane.  *Doc. 1*, Ex. D ¶¶ 9-11.  Plaintiff Nathan Sanchez suffered serious physical injuries as a result of the crash.  *Id.* ¶ 13.  Plaintiffs brought suit against Defendants Cano-Marquez, Safeco Insurance Company of America ("Safeco"), and

Mike Schlagel, an insurance adjuster for Defendant Safeco.[1]  Plaintiffs allege claims of

negligence, negligent infliction of emotional distress, loss of consortium, uninsured

motorist benefits, bad faith breach of insurance contract, bad faith failure to investigate,

and violations of the New Mexico Unfair Insurance Practices Act.  *See generally doc. 1*,

Ex. D.

Defendant Safeco removed the case to federal court on October 15, 2014.  *Doc. 1.*

The Notice of Removal states that this Court has diversity jurisdiction under 28 U.S.C. §

1332 because "Plaintiffs and Defendants are citizens of different states."  *Doc. 1 ¶ 2.*  Of

particular importance, Defendant Safeco contends that Defendant Rodolfo Cano-

Marquez is a citizen of Mexico, and attaches an affidavit from a private investigator

stating, *inter alia*, that Defendant Cano-Marquez does not have a New Mexico driver's

license or a Social Security number.  *See doc. 1*, Ex. A.  The Notice of Removal also

affirms that Plaintiffs seek damages in excess of the jurisdictional requirement of 28

U.S.C. § 1332.  *Doc. 1 ¶ 7.*

On November 13, 2014, Plaintiffs filed the instant Motion to Remand to State

Court and for an Award of Attorneys' Fees and Costs.  *Doc. 9.*  Briefing was complete on

December 8, 2014.  *Doc. 16*.

---

[1] In its Notice of Removal, Defendant Safeco states that it did not seek consent to removal from Defendant Schlagel because he had not yet been served.  Plaintiffs do not contest this in their motion, and there is no indication in the record that Defendant Schlagel has since been served.  *Doc. 1 ¶ 8.*

II.   ANALYSIS

Plaintiffs raise two distinct arguments as to why the Court should remand this case to state court. They contend that removal was in error because (1) Defendant Safeco failed to obtain consent to removal from Defendant Cano-Marquez, and (2) in the alternative, Defendant Safeco has failed to meet its burden of establishing diversity of citizenship. *See generally doc. 9.* As set forth in this opinion, I recommend denying Plaintiffs' motion.

A. **Defendant Safeco was not required to obtain consent to removal from Defendant Cano-Marquez because Defendant Cano-Marquez was never properly served.**

Plaintiffs argue that the Court should remand this case because Defendant Cano-Marquez did not consent to Defendant Safeco's Notice of Removal. When a civil action is removed to federal court, "all defendants who have been properly joined and served must join in or consent to the removal . . . ." 28 U.S.C. § 1446(B)(2)(A). "The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1172-73 (D.N.M. 2007). Plaintiffs maintain that, because Defendant Cano-Marquez never consented to removal, the Notice of Removal was procedurally defective and the case must be remanded.

Defendant Safeco does not contest Plaintiffs' statement of the law. Rather, Safeco argues that Defendant Cano-Marquez was never properly served in the first place.

3

Because "a defendant who has not yet been served with process is not required to join"

removal, Defendant Cano-Marquez's consent would not be required.  *Brady*, 504 F.

Supp. 2d at 1173; *see also Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1183-84

(10th Cir. 2014).

      Service of process in the New Mexico district courts is governed by New Mexico

Rule of Civil Procedure 1-004.  This rule sets forth the following requirements for

serving an individual defendant such as Defendant Cano-Marquez:

> **F. Process; personal service upon an individual.**  Personal service of process
> shall be made upon an individual by delivering a copy of a summons and
> complaint or other process:
>
> (1)(a) to the individual personally; or if the individual refuses to accept service,
> by leaving the process at the location where the person has been found; and if the
> individual refuses to receive such copies or permit them to be left, such action
> shall constitute valid service; or
>
> (b) by mail or commercial courier service as provided in Subparagraph (3) of
> Paragraph E of this Rule.
>
> (2)  If, after the plaintiff attempts service of process by either of the methods of
> service provided by Subparagraph (1) of this paragraph, the defendant has not
> signed for or accepted service, service may be made by delivering a copy of the
> process to some person residing at the usual place of abode of the defendant who
> is over the age of fifteen (15) years and mailing by first class mail to the defendant
> at the defendant's last known mailing address a copy of the process . . .

Rule 1-004, NMRA.

      Plaintiffs submitted an affidavit from their process server, Janet L. Ashley Fitak,

as evidence that they "completed service consistent with the New Mexico Rules of Civil

Procedure on Defendant Cano-Marquez on September 5, 2014."  *Doc. 9* at 3.  The

4

affidavit states that Ms. Fitak "served Ms. Sullivan," a woman who claimed to be Defendant Cano-Marquez's mother, "on behalf of Rodolfo Cano-Sanchez [sic]." *Doc. 9, Ex. 1* ¶ 7. This method of service would fall under Rule 1-004(F)(2), which allows service to be made "by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years . . . ." Rule 1-004(F)(2), NMRA. However, as Defendant Safeco points out, there are a number of errors with this method of service.

First, service under subparagraph (F)(2) is permissible only "**after** the plaintiff attempts service of process by either of the methods of service provided by Subparagraph (1) of this paragraph." Rule 1-004(F)(2), NMRA (emphasis added). Plaintiffs never allege that service was attempted by mail or commercial courier service pursuant to subparagraph (F)(1)(b). Arguably, Plaintiffs mean to imply that Defendant Cano-Marquez refused service under subparagraph (F)(1)(a). However, this argument would fail, as Ms. Fitak never spoke to or made contact with Mr. Cano-Marquez. He therefore had no opportunity to refuse service. Because Plaintiffs never attempted either of the methods of service under subparagraph (1), service was not permissible under the fallback provision provided for in subparagraph (2).

Second, subparagraph (F)(2) states that, in addition to delivering a copy of the process materials to a person residing at the defendant's place of abode, Plaintiffs must also mail the materials to the defendant's last known address. Plaintiffs never claim

that they mailed the service documents.  Thus, service was defective on this basis as well.

Finally, Rule 1-004(F)(2) mandates that service must be made "to some person residing at the usual place of abode of the defendant."  However, it is not at all evident that the address where the papers were delivered was, in fact, Mr. Cano-Marquez's usual place of abode at the time service was attempted.[2]

For the foregoing reasons, I recommend that the Court find that Defendant Cano-Marquez was not properly served and that, consequently, his consent to removal was not required.[3]

**B. Defendant Safeco has established by a preponderance of the evidence that Defendant Cano-Marquez was a Mexican citizen at the time of filing and removal[4] for purposes of diversity jurisdiction.**

Plaintiffs also argue, in the alternative, that remand is required because Defendant Safeco has not established that Defendant Cano-Marquez was a Mexican citizen at the time of filing and removal for jurisdictional purposes.  Plaintiffs maintain that Defendant Cano-Marquez, like Plaintiffs, was domiciled in New Mexico such that

---

[2] Though Plaintiffs never state how they knew Defendant Cano-Marquez's alleged address, they presumably obtained it from the police report for the motor vehicle accident at issue.  *See doc. 1*, Ex. A-A.
[3] Defendant Safeco also notes that, even if service was complete, it never had notice that Defendant Cano-Marquez had been served because Plaintiffs failed to file their proof of service on the state court docket. Because I recommend finding that service was defective, I do not address this alternative argument.
[4] "In the removal context, federal courts are split as to what is the critical point for determining the existence of diversity jurisdiction.  The majority of decisions typically require complete diversity to exist at the time the removal petition is filed . . . .  A large minority of courts require complete diversity not only when removal is sought, but also when the original action is filed in the state court."  13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3608 (3d ed. 2014) (West).  The Tenth Circuit does not seem to have addressed this particular issue.  In any event, this distinction is immaterial  because the facts relied upon herein are applicable both at the time of filing in state court and the time the case was removed.

he destroyed federal diversity jurisdiction. Diversity jurisdiction requires complete diversity: "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996). Jurisdictional facts such as citizenship must be proven by a preponderance of the evidence, *McPhail v. Deere & Co.,* 529 F.3d 947, 953 (10th Cir. 2008), and "the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Because Defendant Safeco is the removing party, it must establish by a preponderance of the evidence that Defendant Cano-Marquez was a citizen of Mexico at the time this case was filed and removed. "For diversity purposes, citizenship is determined by a person's domicile." *Macias v. N.M. Dep't of Labor*, 300 F.R.D. 529, 548 (D.N.M. 2014). One's domicile, in turn, is defined as the state where the individual physically resides and intends to remain indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). When ascertaining a person's domicile, a court "should consider the totality of the circumstances." *Id.* at 1201. "[A]ny number of factors might shed light on the subject in any given case." *Id.* Relevant evidence includes, *inter alia*, "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes . . . ." 13E

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3612 (3d ed. 2014) (West).  In cases involving foreign nationals, diversity jurisdiction exists between "citizens of a State and citizens . . . of a foreign state," but "not . . . between citizens of a State and citizens . . . of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same state."  28 U.S.C. § 1332(a)(2).

Plaintiffs argue that the evidence on which Defendant Safeco relies is inadmissible and that Defendant Safeco has failed to carry their burden of demonstrating that Defendant Cano-Marquez was not domiciled in New Mexico for jurisdictional purposes.  These arguments will be addressed in turn.  Ultimately, I recommend finding that diversity jurisdiction exists.

1.  *The evidence provided by Defendant Safeco is admissible*

Defendant Safeco argues that Defendant Cano-Marquez was a Mexican national with his domicile in Mexico, and thus not a citizen of New Mexico for diversity purposes.  To support its position, Defendant Safeco relies heavily on an affidavit from Rick Foley, a private investigator retained by defense counsel to determine Mr. Cano-Marquez's citizenship.  The affidavit states that, during the relevant time frame, Defendant Cano-Marquez: (a) did not have a Social Security number, (b) did not have a New Mexico driver's license, (c) had a driver's license from Chihuahua, Mexico, (d) did

8

not carry a permanent resident (green) card, (e) only spoke Spanish, and (f) was not a

United States citizen.

Plaintiffs argue that "[t]he affidavit of Rick Foley contains . . . inadmissible

hearsay." *Doc. 9* at 3. For the following reasons, the evidence presented by Defendant

Safeco is admissible pursuant to various exceptions to the hearsay rule.

a) <u>Police Report</u>

Rick Foley states in his affidavit that he "reviewed the police report pertaining to

the motor vehicle accident on October 9, 2013 and that record . . . indicates Rodolfo

Cano-Marquez does not have a social security number or a New Mexico driver's

license."[5] *Doc. 1*, Ex. A ¶ 2. The police report also noted that Defendant Cano-

Marquez's identification was from Chihuahua, Mexico, and that Mr. Cano-Marquez

"only spoke in the Spanish language." *Id.;* Ex. A-A at 4.

Police reports are admissible in a civil case as an exception to the rule against

hearsay. Federal Rule of Evidence 803(8) allows for the admission of "[a] record or

statement of a public office if . . . it sets out . . . in a civil case . . . factual findings from a

legally authorized investigation; and . . . the opponent does not show that the source of

information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid.

803(8). The police report at issue here constitutes a record from a public office that sets

---

[5] In his affidavit, Rick Foley also states that he conducted database searches that indicated Defendant Cano-Marquez had not been issued a Social Security number or a New Mexico driver's license. Plaintiffs do not appear to challenge this evidence as hearsay. In any event, the information is admissible either under Federal Rule of Evidence 803(10), absence of a public record, or under the hearsay exception covering police reports, discussed above.

forth factual findings from the officer's investigation of the parties' car accident, and is therefore admissible.

b) Alex Cano's Statements

Rick Foley's affidavit also reports that he "arrived at the last known address for Rodolfo Cano-Marquez," where he met with an individual who identified himself as Alex Cano, Defendant Cano-Marquez's uncle. *Doc. 1*, Ex. A ¶ 7.  Mr. Cano informed Rick Foley that Defendant Cano-Marquez was not a United States citizen. *Id.*  Plaintiffs challenge Mr. Cano's statements as hearsay.

The Court concludes that these statements, although hearsay, are admissible as reputation evidence concerning personal or family history.  Under Federal Rule of Evidence 803(19), the following constitutes admissible evidence: "[a] reputation among a person's family by blood, adoption or marriage—or among a person's associates or in the community—concerning the person's birth, adoption, legitimacy, ancestry, marriage, divorce, death, relationship by blood, adopting, or marriage, or similar facts of personal or family history."  FED. R. EVID. 803(19).  Mr. Cano's statements fall within this category because he describes his familial relationship to Defendant Cano-Marquez and discusses an aspect of Defendant Cano-Marquez's personal history—the fact that he was not a United States citizen.

Having determined that the Court may properly consider the evidence presented by Defendant Safeco, I will now assess whether this evidence is sufficient to establish

that Defendant Cano-Marquez is a Mexican citizen for jurisdictional purposes.  I recommend concluding that Defendant Safeco has established that (a) Defendant Cano-Marquez was not a lawful permanent resident at the time of filing or removal, and (b) he lacked the  intent to remain in New Mexico indefinitely and is therefore not domiciled in the state.

2.   *Defendant Safeco has established by a preponderance of the evidence that Defendant Cano-Marquez was not a lawful permanent resident at the time this case was filed or removed.*

Plaintiffs contend that "none of [the] assertions or conclusions made by the Foley affidavit establish that Defendant Cano-Marquez is not a lawfully-admitted permanent resident alien." *Doc. 9* at 5.  They urge that Defendant Cano-Marquez could have been both a Mexican citizen and a lawful permanent resident of the United States who was domiciled in New Mexico.  This would make him a New Mexico citizen for purposes of the jurisdictional analysis, regardless of whether he has a Social Security number or New Mexico driver's license.  Because there are "factual doubts" about Defendant Cano-Marquez's domicile, Plaintiffs argue, these doubts "should be resolved against removal." *Doc. 9* at 6.

Plaintiffs' argument is without merit.  To begin, Defendant Safeco has presented evidence sufficient for the Court to find by a preponderance of the evidence that Defendant Cano-Marquez was a Mexican national at the time this case was filed and removed.  "The burden of showing something by a preponderance of the evidence . . .

simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence . . . ." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (quoting *In re Winship*, 397 U.S. 358, 371-372 (1970) (Harlan, J., concurring) (quotations omitted).  I recommend finding that, by presenting evidence that Defendant Cano-Marquez had no Social Security number and had a driver's license that was issued in Chihuahua, Mexico, Defendant Safeco has met this burden.

Defendant Safeco has also provided affirmative evidence establishing, by a preponderance of the evidence, that Defendant Cano-Marquez was not a lawful permanent resident.  First, the fact that Defendant Cano-Marquez had no Social Security number weighs against finding that he was a lawful permanent resident.  Legal aliens who have been admitted to the United States for permanent residence are entitled to a Social Security number.  *See* 42 U.S.C. § 405(c)(2)(B)(i).  Thus, the fact that Defendant Cano-Marquez had no Social Security number makes it more likely that he was not a permanent resident.  Additionally, lawful permanent residents are required to carry their green card on them at all times. *See* 8 U.S.C. § 1304(e).  There is no indication in the police report or elsewhere in the record that Defendant Cano-Marquez was carrying a green card on him at the time of the motor vehicle accident.  This evidence makes it more likely than not that he did not possess a green card and was not a lawful permanent resident.

12

Against these facts, Plaintiffs offer nothing.  Their complaint makes no allegation about Defendant Cano-Marquez's citizenship or legal status within the United States, stating  only that he "is a resident of Valencia County, State of New Mexico."  *Doc. 1*, Ex. D ¶ 4.  And in the instant motion, they provide no evidence as to either point.

Consequently, I recommend finding that Defendant Safeco has established by a preponderance of the evidence that, at the time of filing and removal, Defendant Cano-Marquez was a foreign national of Mexico who had not been admitted to the United States for permanent residence.  Thus, he was a Mexican citizen for jurisdictional purposes.

3. *Defendant Safeco has established by a preponderance of the evidence that Defendant Cano-Marquez was not domiciled in New Mexico because he had no intent to remain in the state indefinitely.*

Assuming *arguendo* that Defendant Cano-Marquez was a lawful permanent resident who was living in New Mexico when the lawsuit was filed, this does not mean that he was necessarily domiciled in the state.  As stated above, domicile requires residence **and an intent to remain indefinitely**.  *Middleton*, 749 F.3d at 1200.  I recommend finding that Defendant Safeco has established by a preponderance of the evidence that Defendant Cano-Marquez lacked the intent to remain in New Mexico indefinitely.

A number of facts weigh in favor of this finding.  As set forth above, Defendant Cano-Marquez: (a) did not have a Social Security number, (b) did not have a New

Mexico driver's license, (c) had a driver's license from Chihuahua, Mexico, (d) did not carry a green card, (e) only spoke Spanish, and (f) was not a United States citizen. While none of these facts alone would support such a finding, together they demonstrate a lack of intent to remain indefinitely.   *See* WRIGHT & MILLER, § 3612.  This is particularly true where, as here, there is no countervailing evidence of an intent to remain in New Mexico.  Defendant Safeco need not prove with certainty that Defendant Cano-Marquez was domiciled in Mexico, it need only show that this conclusion is more likely than not.  I recommend finding that Defendant Safeco has met its burden.

For the foregoing reasons, I recommend finding that Defendant Cano-Marquez was a Mexican citizen at the time of filing and removal for purposes of diversity jurisdiction.  Thus, complete diversity exists and Plaintiffs' motion to remand should be denied.

### C.  Plaintiffs are not entitled to attorney's fees and costs

Finally, because I recommend denying Plaintiffs' motion, I further recommend that their request for costs and fees be denied.

### III.   CONCLUSION

For the reasons set forth above, I recommend that the Court DENY Plaintiffs' Motion to Remand and for Attorneys' Fees (*doc. 9*).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**