IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATHAN SANCHEZ, *et al.*,

    Plaintiffs,

v.                                                                     Civ. No. 14-926  MV/GBW

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion to Bifurcate and Stay Plaintiffs' Extracontractual Claims and for a Protective Order and Supporting Authority (*doc. 29*).  The motion is fully briefed and a hearing was held before the undersigned. *See docs. 35, 39, 43*.  Being fully advised, the Court will deny the motion.

Plaintiffs' Complaint asserts coverage and damage ("contractual") claims and bad faith ("extracontractual") claims against Defendant.  Defendant seeks to bifurcate contractual claims from the extracontractual claims for both trial and discovery.  Moreover, Defendant seeks a stay of all discovery on extracontractual claims until after the trial on contractual claims.  As was explained to counsel at the hearing, the undersigned is responsible only for nondispositive pretrial matters in the instant case.  The requests for the bifurcation of discovery and the subsequent staying of discovery related to extracontractual claims fall within my authority.  However, the decision on bifurcation of trial is a matter solely within the purview of the presiding judge.

1

Defendant asserts that "Plaintiffs should [not] be allowed to pursue his [sic] claim for benefits under the Policy simultaneously with any extracontractual claims … when the latter claims are dependent upon the resolution of the damages issue." *Doc. 29* at 4. Defendant argues, "Safeco would be prejudiced during the discovery phase of litigation by the obligation to respond to consuming and invasive discovery pertaining to the extracontractual claims that will be irrelevant if Plaintiff does not prevail on his contractual claim." *Id*. at 9.

Defendant's position, therefore, is heavily reliant on the assertion that the extracontractual claims are dependent upon the contractual ones. However, the undersigned is unpersuaded of the purported dependence. As acknowledged by Defendant, the "extracontractual claims are based primarily on allegations that Safeco had a duty to investigate and cover Plaintiffs' claims, and that Safeco refused to fully investigate and fairly settle Plaintiffs' claims." *Doc. 39* at 2. A determination of Plaintiffs' actual damages for breach of contract does not appear necessary before Plaintiffs could demonstrate bad faith based on Safeco's handling of Plaintiffs' claim. *See* Memorandum Opinion and Order at 6-7, *Willis v. GEICO, et al.*, No. 1:13-cv-00280-KG-KK, (D.N.M. June 17, 2015), ECF No. 100. While bifurcation of discovery is often appropriate where the existence of coverage or the liability of the primary tortfeasor is at issue, neither circumstance is applicable here. *Id*. at 4-6.

Bifurcation of discovery, and the staying of discovery for the extracontractual claims pending the contractual claim trial, would cause a severe delay in proceeding with the extracontractual claims. While no trial date has been set, the current schedule would mean the contractual claim trial would be held no sooner than late 2016. If discovery on the extracontractual claims not commence until then, the trial on those claims would not be set before late 2017. In some circumstances, such a delay may be appropriate. The undersigned is not persuaded this case presents such a circumstance.

In support of its request for bifurcation, Defendant also points to jury confusion and prejudice if the claims are presented together. Of course, those arguments are relevant only to the issue of bifurcating the trial. Defendant may renew that request with the presiding judge in a separate motion.

Based on the forgoing reasons and those expressed at the hearing, Defendant's Motion to Bifurcate and Stay Plaintiffs' Extracontractual Claims and for a Protective Order and Supporting Authority (*doc. 29*) is hereby **DENIED**.

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE